# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| City of Las Vegas,<br><br>                    Plaintiff,<br><br>     v.<br><br>Malcolm Brooks,<br><br>                    Defendant. | Case No. 2:21-cv-01035-JAD-BNW<br><br>**REPORT AND RECOMMENDATION AND ORDER** |

On May 28, 2021, *pro se* defendant Malcolm Brooks filed a notice of removal. ECF No. 1-1. He seeks to remove a criminal action, which appears to be pending against him in the Municipal Court of Las Vegas. ECF No. 1-1. He also seeks to proceed *in forma pauperis*. ECF No. 1.

According to the citation attached to the notice of removal, Defendant has been charged with misdemeanors for not having a front license plate and having an inoperable headlamp. He alleges that that on February 17, 2021 he was arrested without a warrant while traveling in his property (which the Court interprets to mean traveling in his car). He alleges that Travis Berghuis and Elvin Valle, who he refers to as "State Agents," trespassed on his property and interfered with "his liberty of enjoyment of his property." For the reasons set forth below, the Court *sua sponte* determined that removal is improper, recommends that this action be remanded, and denies the application to proceed *in forma pauperis* as moot.

**I.     Discussion**

Pursuant to 28 U.S.C. § 1455(b)(4), a district court shall examine a removal petition promptly. "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id*.

A defendant seeking to remove an action from state court must file a notice of removal with the federal court to which removal is sought. 28 U.S.C. § 1455(a). Where the action to be

removed is a criminal prosecution, the removal notice "shall include all grounds for such removal." 28 U.S.C. § 1455(b)(2). Here, the removal petition seeks removal without stating the statutory grounds for removal.

State court criminal prosecutions may only be removed to federal courts in limited circumstances. Three provisions, none of which Brooks cites, authorize the removal of such actions: 28 U.S.C. § 1442 ("Federal Officers or Agencies Sued or Prosecuted"), § 1442a ("Members of Armed Forces Sued or Prosecuted"), and § 1443 ("Civil Rights Cases"). Sections 1442 and 1442a are inapplicable because Brooks does not allege that he is a federal officer or a member of the armed forces who is being prosecuted for an act done under color of the office. Nor does Brooks cite § 1443 or claim that his prosecution is:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

*See* 28 U.S.C. § 1443.

Had Defendant relied on § 1443(1), Brooks would be required to satisfy two criteria. *See Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006). First, he "must assert, as a defense to the prosecution, rights that are given to [him] by explicit statutory enactment protecting equal racial civil rights." *Id*. (citing *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970)). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination" do not suffice. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). Second, he "must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel*, 446 F.3d at 999 (citation omitted).

Here, Brooks has not alleged a defense to the underlying criminal citations arising from statutory enactments protecting equal racial civil rights.  And he has not pointed to any "formal

expression of state law that prohibits [him] from enforcing [his] civil rights in state court nor do[es] [he] point to anything that suggests that the state court would not enforce [his] civil rights in the state court proceedings." *Id*.

Section 1443(2) is likewise unavailable to Brooks because it applies "only to federal officers and to persons assisting such officers in the performance of their official duties" and to state officers. *See City of Greenwood v. Peacock*, 384 U.S. 808, 815, 824 n.22 (1966). Accordingly, Brooks failed to comply with § 1455 or establish a basis for removal. Summary remand is appropriate. *See* 28 U.S.C. § 1455(b)(4).

IT IS THEREFORE RECOMMENDED that this case be REMANDED.

IT IS FURTHER ORDERED that Brooks' application to proceed *in forma pauperis* is denied as moot.

DATED: June 23, 2021

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE